MR. JUSTICE MORRISON,
dissenting:
I disagree with the result reached by the majority opinion although I believe it to be a well reasoned and well documented discussion of law. I particularly commend the majority for recognizing that the Attorney General is legal counsel for the PSC. In light of Section 69-14-132, MCA, that can hardly be denied. The section states:
“Legal assistance for commission. The attorney general is the attorney of the commission, and the county attorney of every county in the state shall, on the request and at the direction of the attorney general assist in all cases, proceedings, and investigations undertaken by the commission under this chapter in his own county.”
I also specifically agree with the following from the majority opinion:
“While the Attorney General is the legal officer for the PSC in all cases to which the PSC is a party, the PSC remains the party in the action. The Attorney General remains the attorney, and as a legal officer he is not empowered to make the decisions that are vested by law in the discretion of the PSC.”
The PSC is the party and the Attorney General is the lawyer.
I disagree with the majority in the result. The Attorney General, who was a lawful attorney for the PSC, filed a notice of appeal on behalf of the State. For purposes of litigation “State” means the State of Montana or any office, department, agency, authority, commission, board, institution, hospital, college, university of other instrumentality thereof. Section 2-9-101(7). The State when referring to the State of Montana includes the PSC and when the Attorney General appealed in behalf of the State he did in fact appeal for the PSC which he does, by law, represent as counsel.
I do take issue with the statement in the majority opinion that:
“In this case, the PSC, as a state agency involved in the District Court action, has acted to accept the decision of the District Court and to forego an appeal.”
Perhaps such a decision was made and perhaps such a result may have been reported in the news media. I do not believe that such a decision is part of the record in this case.
*486 I have carefully examined the record and the pleadings filed by the parties. I find that there is a valid notice of appeal filed by the Attorney General for the State of Montana which includes the PSC. There is no indication in the record that the Attorney General was acting outside of his authority. In fact the Attorney General is a lawful agent for the PSC and his action in filing the notice of appeal is ratified by the PSC’s failure to repudiate that act. See Restatement (Second) of Agency Section 94 (1957).
The statutes referred to in both the majority opinion and this dissent show that the Attorney General is an attorney for the PSC, and he appealed on behalf of the PSC which he lawfully represented. If the PSC wished to repudiate the action of the Attorney General it had only to move to dismiss the notice of appeal as being filed without its authority. Having failed to do so the PSC acquiesced in the action of its attorney and, in my view, the appeal must go forward.
1 would not reach the broader question of whether the Attorney General can appeal on behalf of the people of this State where the PSC and the Department of Public Service Regulation were the only parties named as litigants in the judicial review proceeding from which this appeal emanated. The only issue before us is whether to dismiss the notice of appeal which has been filed. That notice of appeal is not void and the motion to dismiss should be overruled without reaching the broader question.
The majority opinion engages technical construction to prevent an appeal. Abundant legal authority supports the proposition that a liberal construction should be engaged in order to assure that litigation is heard on its merits and not disposed of on a technical basis. See 4 Am.Jur.2d 538, Appeal and Error, Section 7.
2 Moore’s Federal Practices Section 1.13 provides:
“The objective of the Rules has been variously phrased: (1) ‘Decisions are to be on the merits and not on procedural niceties’; (2) ‘to secure a disposition of litigation on the merits rather than by collateral methods’; (3) ‘. . . to avoid surprises and to promote justice’; . . .; (5) ‘to avoid a strict technical interpretation which might work a hardship on the litigants’; . . . However worded, liberality is the canon of construction.”
The spirit of this Rule was affirmed by this Court in Tefft v. Tefft (Mont. 1981), 628 P.2d 1094, 1097, 38 St.Rep. 837, wherein we said:
“This holding is in keeping with the philosophy of modern appellate practice that technical defects of procedure should not bar a party from access to the courts.”
*487 The majority opinion seeks to buttress its technical approach with the assertion that there is no aggrieved party in this case. The reason for an aggrieved party is to assure that each side will be spiritedly represented and through the clash of advocacy the court can distill justice.
The PSC is certainly an aggrieved party which sought judicial review. If in fact the PSC did make a determination not to appeal they must have done so to avoid risk of this Court affirming the District Court action. In other words a decision not to appeal, if indeed one was made, would surely have involved a compromise settlement. I have no doubt that the PSC, if they are in court through the notice of appeal filed by the Attorney General, can vigorously defend the commission’s original decision.
The PSC, in seeking judicial review and in appealing to this court, represents the rate payers of Montana. Those rate payers have an interest in seeing that this case be decided on its merits in the Supreme Court. I feel that the majority opinion employs an unduly restrictive and narrow interpretation of the Rules which results in the rate payers being denied Court access.
There is a valid notice of appeal on file and the PSC should be directed to go forward or, in the alternative, to dismiss the appeal filed by its lawyer, the Attorney General of Montana.